CHANNING S. TIMBERLAKE, Respondent, *v.* FRANK R. BEARDSLEY, Appellant.

*Lloyds insurance — right of an agent, under a general power, to reinsure himself, or those for whom he acts as agent.*

A general power given to an agent of an insurance association, to reinsure risks taken by another association, does not authorize him, in the absence of any act of acquiescence or ratification by his principal, to reinsure himself or others for whom he is acting as agent.

APPEAL by the defendant, Frank R. Beardsley, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office

of the clerk of the county of Queens on the 20th day of April, 1897, upon the verdict of a jury, and also from an order entered in said clerk's office on the 24th day of April, 1897, denying the defendant's motion for a new trial made upon the minutes.

*George Clinton,* for the appellant.

*Mortimer M. Menken,* for the respondent.

CULLEN, J.:

This action is brought by the plaintiff, as assignee of one Peter Lowentrout, to recover on a policy of insurance issued by the defendant with others who were doing business as underwriters under the name of the Buffalo Fire and Marine Underwriters. Lowentrout and others, including one James G. Alden, were doing business as underwriters under the name of the Security Fire Lloyds, Alden being the general attorney of the associates. The policy, the subject of the action, purported to reinsure the Security Fire Lloyds against one-half of a risk which the latter had outstanding. The principal place of business of the Security Fire Lloyds was in New York, while that of the Buffalo underwriters was in Buffalo. Alden was appointed an agent of the latter, and authorized to issue policies and contracts of reinsurance throughout the country in cases where the Security Fire Lloyds had a similar amount of insurance on the same risk. The policy on which it is sought to render the defendant liable was issued by Alden, who thereupon notified Henry S. McFall, the general attorney of the Buffalo Fire and Marine Underwriters, of such issue. McFall forthwith directed Alden to cancel the policy.

We are of opinion that the power given Alden by his letter of appointment as agent did not authorize him to issue the policy in suit. If not elementary law, it is at least settled law that " a general power or authority given to an agent to do an act for his principal does not extend to a case where it appears that the agent himself is the person on the other side." (*Bank of New York N. B. Assn.* v. *American Dock & Trust Company,* 143 N. Y. 559.) This principle excluded Alden not only from reinsuring himself, but also others for whom he was acting as agent. Of course, his principals might have given Alden authority to reinsure himself and his associates,

but general language was insufficient for the purpose, and I find nothing in the letter of appointment which can be fairly construed as authorizing it. If it had been shown that Alden had previously issued such policies, and the Buffalo Fire and Marine Underwriters had ratified or acquiesced in such acts, such acquiescence would authorize the jury to find that Alden had power to reinsure in his own favor. No such fact was proved. As the case stood, the court should, therefore, have granted the defendant's motion to dismiss the complaint.

The judgment and order appealed from should be reversed and a new trial granted, costs to abide the event.

All concurred.

Judgment and order reversed and a new trial granted, costs to abide the event.